USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FATIN JOHNSON,
                                 Petitioner,

                -against-

THOMAS LAVALLEY, SUPERINTENDENT,
Clinton Correctional Facility
                                 Respondent.
-------------------------------------------------------------X

11 Civ. 3863 (LGS)

OPINION

LORNA G. SCHOFIELD, District Judge:

Petitioner Fatin Johnson ("Johnson") brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following trial of second-degree depraved-indifference murder and third-degree criminal possession of a weapon in New York State Supreme Court, New York County. This case was referred to the Honorable Michael H. Dolinger for a report and recommendation (the "Report"). The Report was filed on May 13, 2013, and recommends that the writ be denied. Johnson has objected to the Report. For the following reasons the Report is adopted, and the petition is denied.

**I. Background**

The facts relevant to Johnson's petition are set out in the Report and summarized here. On July 28, 1998, on a street in upper Manhattan, Johnson argued with his brother, shot his brother in the back and fatally wounded him. (MJ 3). Johnson fled the jurisdiction and was apprehended in 2002. He was charged with two counts of second-degree murder – intentional and depraved-indifference murder – and second- and third-degree possession of a weapon.

Before trial, the court denied Johnson's application for any line-up to be a sequential, double-blind lineup (the potential perpetrators shown one at a time by a law-enforcement

representative with no knowledge of the case). At the conventional lineup that occurred, two eyewitnesses identified Johnson as the shooter. (MJ 3).

Johnson's jury trial began in New York Supreme Court on April 14, 2004, with Justice Renee White presiding. The state presented two eyewitnesses who identified Johnson as the shooter both in court and in the line-up; Johnson's former girlfriend who recounted his admission to her of shooting his brother; evidence of Johnson's flight and other evidence. At the conclusion of the State's case, defense counsel unsuccessfully sought dismissal on the ground that the evidence was insufficient to identify Johnson as the shooter. In his defense, Johnson called one eyewitness, who was a 12-year-old boy at the time of the shooting, and Johnson himself testified that he had had no involvement in the shooting. At the conclusion of the presentation of the evidence, defense counsel again unsuccessfully moved to dismiss. This time, however, he argued that the State had failed to prove intent with regard to either murder charge. [No mention of Manslaughter at 576-577, would be by inference, *see* MJ 31] Johnson did not object to the jury charge for depraved-indifference murder.

On April 28, 2004, the jury convicted Johnson of depraved-indifference murder and third-degree weapon possession, and acquitted him of intentional murder and second degree weapon possession. Justice White sentenced Johnson to a term of 25 years to life on the murder conviction and a concurrent term of seven years on the weapon charge. (MJ 5-6)

Johnson appealed to the Appellate Division, First Department. His attorney argued that: (1) the trial court erred in denying his application for a sequential, double-blind lineup, (2) the evidence was insufficient to support a conviction for depraved-indifference murder, including that trial counsel's failure to preserve the sufficiency claim was ineffective assistance of counsel; and (3) the conviction had been against the weight of the evidence. (MJ 6). Johnson also filed a *pro se* brief arguing (1) the unreliability of the eye witness testimony, the inadequate weight of

the evidence, (2) ineffective assistance of counsel relating to the grand jury and the questioning of witnesses at trial, and (3) other arguments not relevant here.  (MJ 7).

The Appellate Division, by majority opinion, affirmed Johnson's conviction.  *People v. Johnson*, 43 A.D.3d 288 (1st Dep't 2007) ("Johnson I").  It held that the evidence of Johnson's responsibility for the shooting was "overwhelming[]." *Id*. at 288.  As to the depraved-indifference conviction, the panel first observed that Johnson concededly had not preserved his sufficiency argument and would not review it in the interest of justice. *Id* at 289-90.  The panel alternatively addressed the merits of the sufficiency claim and held that the evidence was sufficient measured by the charge as given. *Id*. at 290.  The panel declined to review the weight of the evidence argument (MJ 10-13, unclear why).  The majority rejected Johnson's remaining arguments including the challenge to the lineup and ineffective assistance. *Id*. at 294.  Two of the justices dissented regarding the sufficiency and weight of the evidence holdings of the majority. *Id*. at 294-97.  (MJ 9-11).

The New York Court of Appeals granted leave to appeal on September 18, 2007.  *People v. Johnson*, 10 N.Y.3d 875 (2008).  Johnson argued that (1) the denial of his lineup application had been an abuse of discretion, and (2) the First Department had not properly assessed the weight of the evidence.  The court affirmed as to the lineup decision and remanded to the Appellate Division to allow that court to assess the weight of the evidence in light of the elements of the crime as charged to the jury.  (MJ 12-13).  Neither the parties nor the Court of Appeals addressed the sufficiency of the evidence.

On remand to the Appellate Division, Johnson argued that the verdict was against the weight of the evidence measured by both a subjective and objective standard.  A majority of the panel again affirmed the conviction and found that the verdict was not against the weight of the

evidence as measured by an objective test of depraved-indifference, as charged to the jury. *People v. Johnson*, 67 A.D.3d 448 (1st Dept. 2009). (MJ 15)

Johnson again obtained leave to appeal to the Court of Appeals, which affirmed and held that the Appellate Division majority had properly assessed the weight of the evidence in light of the charge as given. (MJ 18-19)

Johnson filed the instant habeas petition as of April 22, 2011, and makes three arguments: (1) he was denied a fair trial because the trial judge denied his application for a sequential, double-blind lineup; (2) the evidence was insufficient to show that he was guilty of depraved-indifference murder rather than intentional murder, and did not show "uncommon brutality" as allegedly required; and (3) trial counsel's failure to preserve the sufficiency of the evidence claim constituted ineffective assistance of counsel.[1]

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must make a de novo review of any portions to which petitioner articulates a specific objection to a Magistrate's decision on issues raised before the Magistrate. *See* 28

---

[1] Johnson's objections to the Report state that his habeas petition also raised the arguments from his pro se brief before the Appellate Division. However, no argument related to these claims appears in the Petition or its supporting memorandum of law. Even if they had been included, the petition would be denied as to these claims because they were not raised in the Court of Appeals on direct appeal as Johnson admits, nor are the alternative requirements of 28 U.S.C. § 2254(b)(1) satisfied.

U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments made to the Magistrate Judge, the Court will review the report strictly for clear error.  *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson–Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)).  Also, "a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y.2008).  Even when exercising de novo review, "[t]he district court need not ... specifically articulate its reasons for rejecting a party's objections."  *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 Fed. App'x. 230, 232 (2d Cir. 2006)).

Habeas relief under §2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*. at 2254(e)(1).

### III.  Discussion

### A.  The Exhausted Claim

Johnson argues that the trial court's refusal to grant his request for a sequential, double-blind lineup deprived him of a fair trial.  The Report correctly concludes that Johnson has not satisfied the two-part test required to challenge identification testimony: 1) demonstrating that the identification procedure was unduly suggestive, and if so, then 2) demonstrating that there is not

a sufficient indicia of reliability to justify review by the jury.  Johnson has not objected to this portion of the Report.  Finding no clear error with the Report's reasoning, the claim is denied.

**B. The Unexhausted Claims**

Johnson argues ineffective assistance of counsel based on his trial counsel's failure to preserve a sufficiency of the evidence challenge, which resulted in the Appellate Division's rejection of his sufficiency claim on appeal.  To the extent this is an assertion of an independent Sixth Amendment violation (Obj at 20, 29), the Report correctly concludes that the claim fails to satisfy the ineffective assistance of counsel test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Johnson's objection to this portion of the Report simply restates his original argument and fails to show that trial counsel's performance was sufficiently unreasonable to rise to the level of a constitutional violation.  He also fails to satisfy the separate requirement of prejudice -- that the lawyer's errors, if corrected, would have changed the outcome.  As discussed below, the sufficiency claim, even if it had been preserved for appeal, is without merit.  Johnson's ineffective assistance argument therefore fails and  his petition is denied on this claim.

Johnson argues that the evidence was insufficient to show that he was guilty of depraved-indifference murder.  The Report correctly concludes that this claim is not subject to habeas review because it was barred on a on a state law ground that is independent of a federal question and adequate to support the judgment.  Specifically, the Appellate Division denied Johnson's appeal on the depraved-indifference murder conviction because he had not preserved the sufficiency of the evidence argument for appeal by objecting properly before the trial court.  The Report also was correct that Johnson had not established an exception to this general rule by showing (1) cause for the default and prejudice based on his allegation of ineffective assistance of counsel (see discussion above), or (2) a fundamental miscarriage of justice because, as the Report correctly found, Johnson is unable to demonstrate actual innocence.

Johnson objects that his counsel's failure to preserve the sufficiency argument overcomes the procedural bar. (Obj. 18-22)  This argument is incorrect for the reasons summarized above and discussed in the Report.  Johnson's objection also argues the insufficiency of the evidence based on the jury charge as given (Obj. 22-29), which if correct, also would overcome the procedural bar.  This argument also fails for the reasons discussed in the Report.  Finally, Johnson argues in the objection that the sufficiency argument was preserved for appeal.  This challenge to the Appellate Division's ruling is not an issue for habeas review because it is a challenge to the Appellate Division's application of state and not federal law, *see* 28 U.S.C. §§ 2254(d)(1), and in any event is incorrect, as the Report correctly found.

The Report did acknowledge "possibly colorable arguments" on three issues.  The first was whether the Appellate Division's rejection of the sufficiency claim was based on a state law ground *independent* of a federal question, because the Appellate Division arguably may have addressed the merits in an alternative holding to the procedural bar. (MJ 40-42).  The second issue was the adequacy of the state rule that the sufficiency of the evidence must be judged on the basis of the elements as stated in the unobjected-to jury charge, when the New York law on depraved-indifference murder changed between 2004 when the charge was given, and 2010 when the conviction became final. (MJ 48-50).  The third and closely related issue is the difference between 2004 and 2010 in the depraved-indifference murder elements that distinguish it from intentional murder.  In 2004, the focus of the crime was an objective test of the risk presented by the Defendant's reckless conduct.  By 2010, the New York Court of Appeals had discarded the objective test and required instead a subjective state of mind of depraved recklessness.  *See People v. Register*, 60 N.Y.2d 270, 277 (1983), *overruled by People v. Feingold*, 7 N.Y.3d 288 (2006). (ML 55-61).  The Report correctly found that, even if any of

7

these issues were resolved in favor of Johnson, he still would not have prevailed on his sufficiency of the evidence argument.

## IV. Certificate of Appealability

The Report recommended, and this Court agrees, that a certificate of appealability should issue under 28 U.S.C. § 2253(c), if Johnson files a notice of appeal. See Fed R. App. P. 22(b). "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotations omitted). This Court finds that Petitioner has made a substantial showing of a denial of a constitutional right on the sufficiency of the evidence supporting the depraved-indifference murder charge, particularly, in light of cases granting habeas petitions to defendants convicted of depraved-indifference murder around the same time as Petitioner on the basis of the change in the law. *See Fernandez v. Smith*, 558 F. Supp. 2d 480 (S.D.N.Y. 2008); *Petronio v. Walsh*, 736 F. Supp. 2d 640 (E.D.N.Y. 2010).

## V. Conclusion

For the reasons stated above, Magistrate Judge Dolinger's Report is adopted and the Petition for a writ of habeas corpus is denied.

The Clerk of Court is directed to close this case.

Dated: January 24, 2014
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE